UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| OAKLEY BERNARD ENGESSER, | ) | Civ. 10-5039-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | PETITIONER'S RELEASE |
| | ) | PENDING APPEAL AND |
| ROBERT DOOLEY, Warden, | ) | DENYING RESPONDENT'S |
| Yankton Minimum Unit, | ) | MOTION TO STAY |
| | ) | |
| Respondent. | ) | |

Robert Dooley, respondent, moves pursuant to Federal Rules of Appellate Procedure 8(1)(A) and 23(c) for the court to stay its September 30, 2011, Memorandum Opinion, Judgment and Order, and the October 3, 2011, Amended Judgment and Order, which granted petitioner's habeas corpus relief. Docket 84. Oakley Bernard Engesser, petitioner, requests that the court deny respondent's motion to stay and moves for the court to release him pending respondent's appeal. Docket 87. For the reasons listed below, respondent's motion to stay is denied and petitioner's motion for release pending appeal is granted.

## BACKGROUND

A South Dakota jury convicted Engesser of two counts of vehicular battery and one count of vehicular homicide in 2001. The dispute at trial was whether Engesser was the driver of the car that killed one and injured others. Engesser was sentenced to twenty-five years' imprisonment in the South

Dakota State Penitentiary. On appeal, the South Dakota Supreme Court upheld Engesser's conviction. *State v. Engesser*, 661 N.W.2d 739 (S.D. 2003). Engesser filed a petition for a writ of habeas corpus in state court. His petition was denied, and both the state circuit court and South Dakota Supreme Court denied his request for a certificate of probable cause.

Engesser then filed his first federal petition for habeas corpus, which was denied and affirmed by the Eighth Circuit Court of Appeals. *Engesser v. Dooley*, No. 04-5065, 2005 WL 1278473 (D.S.D. May 26, 2005); *Engesser v. Dooley*, 457 F.3d 731 (8th Cir. 2006), *cert. denied*, 549 U.S. 1223 (2007). Engesser filed a second habeas petition in state court raising ineffective assistance of counsel claims against his trial counsel and initial habeas counsel. That petition was granted because the court found that Engesser's initial habeas counsel failed to identify key eyewitnesses in the habeas proceeding and his trial counsel failed to identify and call them at trial. The South Dakota Supreme Court reversed, finding that because Engesser failed to show the requirement of ineffective assistance of his initial habeas counsel, then the petition could not be considered by the circuit court. *Engesser v. Dooley*, 759 N.W.2d 309 (S.D. 2008).

Engesser filed a third state habeas petition, but relief was denied and he did not seek further review from the South Dakota Supreme Court. Engesser requested permission to file a federal petition with the Eighth Circuit Court of Appeals. The Eighth Circuit authorized Engesser to present

his petition because there was new evidence that could not have been discovered earlier. This court held an evidentiary hearing and eventually granted Engesser's petition for a writ of habeas corpus on September 30, 2011. Docket 77.

On October 3, 2011, the court filed an amended judgment. The writ of habeas corpus was granted because Engesser received ineffective assistance when his trial counsel did not interview key witnesses and failed to call them to testify. Docket 79 at 1. The petition was denied in all other aspects. The court also ordered "that unless the State of South Dakota commences proceedings to afford Petitioner Oakley Bernard Engesser a new trial on or before **December 5, 2011**, Petitioner Oakley Bernard Engesser shall be released from custody on the conviction and sentence challenged in this action." Docket 79 at 2. Respondent now seeks to stay this court's conditional grant of habeas relief pending its appeal to the Eighth Circuit. Docket 84. Petitioner asks that the court deny the stay and release him pending appeal because respondent cannot make a showing that he is likely to succeed on the merits, respondent will not be irreparably injured absent a stay, petitioner will be substantially injured by a stay, and the public interest weighs in favor of his release. Docket 87; Docket 88.

**DISCUSSION**

If a court grants a petition for writ of habeas corpus and the government appeals that decision, Federal Rule of Appellate Procedure 23(c) states that, "the habeas petitioner shall be released from custody 'unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order.' " *Hilton v. Braunskill*, 481 U.S. 770, 772 (1987) (quoting Fed. R. App. P. 23). The court also considers the factors of a traditional civil motion to stay, which are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Id.* at 776 (citations omitted).

In addition, courts also consider whether the petitioner is a flight risk, whether the petitioner will pose a threat to the public upon release, and the State's interest in rehabilitation and maintaining custody pending appeal. *Id.* at 777. Traditionally, "[w]here the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is

permissible if the second and fourth factors in the traditional stay analysis militate against release." *Id.* at 778. Rule 23(c) creates a presumption that a prisoner shall be released from custody unless the presumption is overcome. *Id.* at 774. "Federal district courts have power to order a successful state habeas petitioner's release with or without bail[.]" *Foster v. Lockhart*, 9 F.3d 722, 727 (8th Cir. 1993) (citing Fed. R. App. P. 23(c)).

      To fulfill the first factor, respondent must make a strong showing that he is likely to succeed on the merits of his appeal. To substantiate his claim for success on appeal, respondent lists the issues he will raise on appeal and relies on his answer and motion to dismiss from the habeas action as well as prior state and federal decisions in this case. In particular, respondent argues that petitioner cannot show that his newly discovered evidence "established the deprivation of a constitutional right or that he was prejudiced by counsel's representation." Docket 85 at 3. Respondent also notes the appropriate standard of review, the deference that should be given to state court findings, and other issues to show that he is likely to succeed. *Id.*

      Respondent has not brought forth additional information beyond what was previously provided to this court for its determination on the petition for habeas corpus. The court considered and rejected respondent's arguments in his answer and motion to dismiss, and based only on that and the respondent's issues raised on appeal, respondent has not shown that he is likely to succeed on the merits of his appeal. *See Boyles v. Weber*, No. 04-

5

4134, 2007 WL 2684872, *1 (D.S.D. Sept. 7, 2007) (stating that while respondent "ha[d] explained the issues he will raise on appeal and cited his answer to the habeas petition in support of his argument that he will succeed on appeal[,]" he has done little else to prove he is likely to succeed on the merits of his appeal); *Wanatee v. Ault*, 120 F. Supp. 2d 784, 789 (N.D. Iowa 2000) (stating "the respondent makes no more than a bald assertion that he has a strong likelihood of success on appeal and that [petitioner] does not, unsupported by argument or identification of any grounds or reasons for that belief"). Because respondent did not make a strong or substantial showing of his likelihood of success, this factor weighs against granting a stay and towards releasing petitioner.

In the second factor, the court must consider whether respondent will sustain irreparable injury without a stay. Respondent alleges that he will not be able to retry petitioner within the 60 days ordered by the court while also exercising his right to appeal the court's decision on the petition for habeas relief. Docket 85 at 3. Respondent argues it will be unfair to force him to choose between his two rights. The court, however, is not requiring the respondent to choose between the two options. The court's order directed the respondent to commence proceedings to retry the petitioner by December 5, 2011. The court did not order a retrial by that date. Ordering respondent to commence proceedings to retry petitioner while working on respondent's

appeal may be a slight burden on respondent, but it does not amount to irreparable injury.

Factor three requires the court to determine whether the petitioner will be substantially injured if the court grants a stay. Respondent states that the only injury that will occur to others absent a stay would arise "from the continued custody of the Petitioner during the appeal." Docket 84 at ¶ 6. Respondent should not minimize this harm because "[c]ontrary to Respondent's argument, one of the most important personal rights guaranteed by the Constitution of the United States is one's right to liberty without due process of the law, which cannot be lightly disregarded." *Boyles*, 2007 WL 2684872, at *2. A petitioner convicted of a crime does not have the same rights and guarantees as a pretrial detainee, but petitioner's continued custody after the court has determined that the original convictions should not stand would cause petitioner substantial injury. This factor weighs in favor of denying the stay and releasing the petitioner.

Finally, the court must consider the public's interest. Respondent argues that the crimes of vehicular homicide and vehicular battery are a threat to public safety, and petitioner's release would endanger the lives of the public using the highways of the state. Respondent supports this argument only with petitioner's now unconstitutional convictions. This evidence is insufficient to show a threat to the public because the grounds of the habeas petition go to petitioner's actual innocence, and new eyewitnesses testified

7

that petitioner was not driving the vehicle. *See Boyles*, 2007 WL 2684872, *2 (finding that respondent's argument that petitioner poses a risk to public safety was unfounded when only relying on petitioner's unconstitutional conviction). There is no evidence to suggest that petitioner is violent or would otherwise endanger the public, and respondent cannot establish that the public interest requires petitioner's continued incarceration.

The court also finds that there is no risk of flight by petitioner if he is released pending appeal. Petitioner was released pending appeal of his case to the South Dakota Supreme Court between 2007 and 2008, and the record does not indicate any problems during that time. Docket 87 at 2. And as established above, there is no evidence that petitioner poses a threat to the public. Additionally, the court must consider the State's interest in the continued custody of petitioner to achieve the goals of rehabilitation, punishment, and deterrence. The Supreme Court stated that the State's interest in retaining custody is strongest "where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Braunskill*, 481 U.S. at 777. In this case, petitioner is scheduled to be released from his state court sentence in late 2013, nearly two years from now. The State's interest in this factor is not at its peak because the petitioner has served the majority of his sentence. These considerations weigh in favor of denying the stay and releasing petitioner pending appeal.

After analyzing the factors to be considered regarding a motion to stay, respondent has not overcome Rule 23's presumption of a petitioner's release pending appeal.

The court's amended judgment in this case ordered Engesser's release unless the State of South Dakota "commences proceedings to afford [Engesser] a new trial on or before December 5, 2011, [Engesser] shall be released from custody on the conviction and sentence challenged in this action." Docket 79 at 2. This was a conditional writ.

"The issuance of a writ is conditional when the district court delays a state prisoner's release from custody for a reasonable time to give the state an opportunity to correct the constitutional defects that make the prisoner's current custody unlawful." *Foster*, 9 F.3d at 727 (citing *Moore v. Zant*, 972 F.2d 318, 320 (11th Cir. 1992), *cert. denied*, 507 U.S. 1007 (1993)). *See also Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) ("[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life[.]") (citations omitted). The district court retains the ability to modify a conditional writ because:

> A conditional order's framework contemplates that a district court will eventually make an assessment concerning compliance with its mandate. In many cases, whether or not the state has complied will be apparent–where, for instance, a court orders a new hearing and the state completely fails to provide one. In

9

these cases, a specific assessment concerning compliance may be unnecessary–the writ will simply issue because it is apparent that the state has not fulfilled the mandate.

*Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.*, 53 F.3d 859, 865 (7th Cir. 1995).

To abide by the terms of this court's amended judgment, the State of South Dakota had until December 5, 2011, to commence proceedings to retry Engesser on the vehicular homicide or vehicular battery convictions. The State's 60-day window has passed without any indication that the State complied with the order to begin proceedings to correct Engesser's unconstitutional convictions. *See Gentry*, 456 F.3d at 692 ("If the state complies with its order, the petitioner will not be released; if the state fails to comply with its order, release will occur."). The court's conditional writ that granted petitioner's release now springs into action because the conditions placed upon the writ were fulfilled.[1] For this reason, and because respondent

---

[1] *See Gentry*, 456 F.3d at 692 ("A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner.") (quoting *Satterlee v. Wolfenbarger*, No. 03-71682, 2005 WL 2704877, *2 (E.D. Mich. Oct. 19, 2005), *aff'd in part*, 453 F.3d 362 (6th Cir. 2006)); *Rosa v. McCray*, No. 03-4643, 2004 WL 2827638, *5 (S.D.N.Y. Dec. 8, 2004) ("The ultimate relief contemplated by the conditional release order is the defendant's release from custody, if the condition is not met."); *Moore*, 972 F.2d at 320 ("[I]f the state fails to correct the defect within the given time and the prisoner is released from custody, the state may ordinarily still rearrest and reprosecute that person."). *See also Graves v. Quarterman*, 210 Fed. App'x 429, *430, 2006 WL 3783543, *2 (5th Cir. 2006) (determining that district court's finding that the State had not proceeded in retrying petitioner as ordered in the conditional writ of habeas corpus was not clearly erroneous and rejecting the argument that the court exceeded its authority by releasing

did not satisfy the factors necessary to grant his motion to stay, Engesser will be released pending appeal.

## CONCLUSION

After analyzing all of the factors, the court finds that respondent did not overcome the presumption in favor of petitioner's release pending appeal of this case. The government has not commenced recharging or retrying petitioner by the date noted in the conditional writ granting petitioner habeas relief, so the writ will go into effect. For these reasons, respondent's motion to stay is denied, and petitioner will be released from custody in accordance with the amended judgment issued by this court on October 3, 2011. It is

ORDERED that respondent's motion to stay (Docket 84) is denied.

IT IS FURTHER ORDERED that petitioner's motion for release pending appeal (Docket 87) is granted.

---

petitioner on bond); *McCandless v. Vaughn*, No. 96-2310, 1999 WL 1197468, (E.D. Pa. Dec. 14, 1999) (concluding that the government did not retry and convict petitioner within a reasonable time of the conditional writ granting his petition of habeas corpus, and the court denied the government's motion to stay and ordered petitioner's release pending any retrial). *Cf. Berry v. Lockhart*, 873 F.2d 1168, 1169 n.3 (8th Cir. 1989) (noting that the district court ordered that petitioner must be released if the State did not retry him within 90 days of order granting habeas relief, but release was not necessary because the government filed and the court granted an order to stay on the 90th day); *Leatherman v. Palmer*, No. 4:06-cv-121, 2008 WL 5062902, *5 (W.D. Mich. Nov. 26, 2008) (concluding that petitioner's motion for release was premature because the court's conditional writ gave the State 120 days to comply with the order, and that time had yet to expire so "the court has not yet directed that the petitioner be released").

IT IS FURTHER ORDERED that pursuant to Federal Rule of Appellate Procedure 23(c), petitioner, Oakley Bernard Engesser, will be released within seven (7) days of this order, on personal recognizance, without surety, from the custody of the State of South Dakota on the conviction and sentence challenged in this action while the court's decision granting relief to petitioner under 28 U.S.C. § 2254 is under review.

Dated December 7, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE